IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NICOLE CASTLE,<br><br>  Plaintiff,<br><br>  v.<br><br>REDSTONE AMERICAN GRILL, INC., *et al.*,<br><br>  Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:24-cv-06024-KMW-SAK<br><br>**OPINION** |

**Jeffrey Ragone, Esq.**
**Matthew A. Luber, Esq.**
**Richard Armen McOmber, Esq.**
MCOMBER MCOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 500
Marlton, NJ 08053

*Counsel for Plaintiff Nicole Castle*

**Jason S. Kaner, Esq.**
**Andrew Dennis La Fiura, Esq.**
JACKSON LEWIS LLP
1601 Cherry Street, Suite 1350
Philadelphia, PA 19103

*Counsel for Defendants Redstone American Grill, Inc. and Tessa Watts*

I.  **INTRODUCTION**

This matter comes before the Court by way of the Motion of plaintiff Nicole Castle ("Plaintiff") seeking to remand this matter to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff's Motion has been opposed by defendant Redstone American Grill, Inc. ("Redstone") For the reasons set forth below, Plaintiff's Motion is granted.

II.  **BACKGROUND**

This is an employment discrimination case that arises under state law. Plaintiff is a former server at Redstone American Grill in Marlton, New Jersey. (ECF No. 1-2 at 2.) Plaintiff alleges

that in September 2023, her former supervisor, Tessa Watts ("Watts"), fired her after she was discharged from a two-day hospital stay for medical treatment. (*Id.* at 4–7.) Watts allegedly terminated Plaintiff for not showing up to work, but Plaintiff claims that Watts was aware of her hospitalization and was in contact with her throughout the duration of her stay. (*Id.*)

On November 17, 2023, Plaintiff filed a Complaint in the Superior Court of New Jersey, asserting three counts for disability discrimination under the New Jersey Law Against Discrimination ("NJLAD"). (*Id.* at 8–13.) These claims were asserted equally against both Watts and Redstone (together, "Defendants"). (*Id.*) The case has never presented a federal question, and the parties appear to agree that Plaintiff's Complaint was not initially removable to federal court on the basis of diversity jurisdiction, due to Watts's presence in the case as a New Jersey citizen. (*Id.* at 3.) Redstone, on the other hand, is incorporated in Delaware and has its principal place of business in Minnesota. (ECF No. 1 at 2–3.) The case was assigned to the Honorable Richard L. Hertzberg of the New Jersey Superior Court, Law Division, Burlington County. (*Id.*)

On May 10, 2024, Redstone removed Plaintiff's Complaint to this Court, asserting that the case had become removable pursuant to 28 U.S.C. § 1446(b). (*Id.*) In its Notice of Removal, Redstone invoked this Court's diversity jurisdiction and claimed that Judge Hertzberg had granted Defendants' motion to dismiss Plaintiff's Complaint insofar as her claims were asserted against Watts. (*Id.* at 2.) Redstone did not reference or attach a copy of Judge Hertzberg's order or otherwise explain precisely how Judge Hertzberg's decision was effectuated. Rather, it states that it ascertained removability simply from the fact that Judge Watts had "dismissed [Watts] from this action" earlier that day. (*Id.*) Regarding the amount in controversy, Redstone acknowledged that the Complaint did not demand a specific amount of damages, but surmised that it "appear[ed] to contemplate an amount exceeding the sum or value of $75,000" given the "extensive relief

2

requested by Plaintiff." (*Id.* at 3.)

Six days later, Redstone filed a standalone exhibit *nunc pro tunc* to support its prior Notice of Removal. (ECF No. 6.) This exhibit is a copy of Judge Hertzberg's order, which was dated, signed, and issued to the parties on May 13, 2024—three days after Redstone had removed this case. The Court observes that this order purports to grant Defendants' motion to dismiss this same day, though only without prejudice. In addition, the order also appears to grant Plaintiff leave to amend those very same claims, something Redstone curiously failed to disclose in its Notice of Removal. Judge Hertzberg also indicated that the order was "deemed effectuated upon all parties upon its upload to eCourts." (*Id.*) Redstone did not attempt to reconcile its filing of this exhibit with its prior removal, or otherwise explain the obvious discrepancies.

On June 6, 2024, Plaintiff filed an Amended Complaint, as permitted by Federal Rule of Civil Procedure 15, in which she protectively reasserted her claims against Watts. (ECF No. 7.) The following day, Plaintiff timely filed the instant Motion to Remand. (ECF No. 8.) Therein, Plaintiff explains that on the day Redstone removed this case, counsel for the parties participated in oral argument before Judge Hertzberg, after which he indicated that he would grant Defendants' motion and dismiss Plaintiff's claims against Watts, but only without prejudice and with leave to amend them.[1] (*Id.* at 6.) Later that day—but before Judge Hertzberg entered an order implementing that decision—Redstone filed its Notice of Removal. (*Id.*) She accordingly seeks the remand of this matter to state court, arguing that removal was procedurally improper and jurisdictionally premature. (*Id.*)

---

[1] To date, neither party has provided a transcript of these proceedings. The only evidence of Judge Hertzberg's decision is a written order issued after the case had already been removed, which the Court is now being asked to consider, alongside conflicting and unverified characterizations from counsel regarding what Judge Hertzberg had purportedly said or intended to say from the bench.

3

## III. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where a case arises either under federal law or where it involves a dispute between citizens of different states over a threshold sum. *See id.* §§ 1331, 1332. The latter, which is relevant here, requires an amount in controversy exceeding $75,000, as well as complete diversity among the parties, meaning "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

A motion to remand may be "based upon a lack of subject matter jurisdiction or a defect in the removal procedure." *Dirauf v. Berger*, 57 F.4th 101, 103–04 (3d Cir. 2022). Motions seeking remand based on a defect in the removal procedure must be made within thirty days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c). However, a motion to remand based on a lack of federal jurisdiction may be made at any time. *See id.* In all cases, the burden falls on the defendant, as the removing party, to demonstrate that its removal of the action was proper. *See Ripley v. Eon Labs Inc.*, 622 F. Supp. 2d 137, 140 (D.N.J. 2007). Consistent with that burden, the removal statute must be "strictly construed" against the defendant and "all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

## IV. DISCUSSION

Redstone's removal of this case has raised a host of serious procedural and jurisdictional questions. In her Motion, Plaintiff articulates various arguments for why remand is appropriate. Both parties, however, dedicate significant portions of their briefs quarreling over the impact of Judge Hertzberg's order and the application of the "voluntary-involuntary rule," a long-employed judicial doctrine stating that a case becomes removable only if a voluntary act by the plaintiff

creates federal jurisdiction (*e.g.*, a plaintiff's voluntary dismissal of claims against an in-state defendant). *See Chaudhary v. Atria Mgmt. Co., LLC*, No. 23-CV-01419, 2023 WL 5596040, at *3 (D.N.J. Aug. 11, 2023).

Frankly, the Court fails to see how it can begin to examine the jurisdictional consequences of a state court decision to partially dismiss a Complaint, when the very order implementing that decision had not even been issued at the time of removal.[2] While the Court agrees with Plaintiff that the removal of this case was premature, any efficient untangling of these issues must begin with the removal statute.

### A. **Removal**

Typically, a defendant must remove a case from state court within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). However, if "the case stated by the initial pleading is not removable," it may be later removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* §

---

[2] "Once a notice of removal is filed . . . . [t]he state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (internal quotation marks omitted) (alterations in original). Here, the fact that Judge Hertzberg's order was issued after this case's removal raises legitimate questions about whether Redstone has inadvertently removed a pleading containing technically live claims against an in-state defendant. The language of Judge Hertzberg's order does not suggest that he intended for an oral articulation of his decision to serve as a substitute for the issuance of a formal written order that was indisputably forthcoming. The New Jersey Court Rules seem to confirm as much. *See, e.g.*, *Hamm v. City of Clifton*, 551 A.2d 1019, 1021 (N.J. Super. Ct. App. Div. 1988) (recognizing that an "oral order" cannot substitute a "written order"); *Gupta v. Gupta*, No. A-1783-18T3, 2020 WL 897970, at *1 (N.J. Super. Ct. App. Div. Feb. 25, 2020) ("It is well settled that following argument on a motion, the judge must enter a written order setting forth the court's rulings on the motion."). The Court is certain, however, that Redstone's subjective (and selective) recollection of Judge Hertzberg's oral articulation of his decision from the bench does not constitute an "order" for purposes of § 1446(b)(3). *See, e.g.*, *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 611 (D.N.J. 2001) (emphasizing the "express statutory requirement of a writing" under § 1446(b)(3)); *McLaren v. UPS Store Inc.*, 32 F.4th 232, 239 (3d Cir. 2022) (confirming that the statute is triggered only when the defendant receives a "particular document"); *Order*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A written direction or command delivered by a government official, esp. a court or judge").

1446(b)(3). As the Third Circuit has recognized, each provision "is triggered only when the defendant receives a particular document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading, motion, order, or other paper." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). Removal outside of these strict, thirty-day periods is improper and warrants remand. *See id.*

In her motion, Plaintiff argues that Redstone's removal was procedurally defective under § 1446(b)(3). She contends that the statute explicitly conditioned removal on Redstone's receipt of Judge Hertzberg's order and that, because Redstone removed the case before receiving this order, its removal was premature. Rather than directly address this argument or reconcile its removal with the statutory text, Redstone sidesteps the issue, relegating its response to a dismissive footnote. There, Redstone scoffs at Plaintiff's straightforward reading of the statute, deriding her for supposedly failing to marshal any "support" for the "half-hearted[ ]" proposition that it was required to "actually receive[ ] a copy of the [o]rder" before removing the case. (ECF No. 13 at 2 n.1.) In doing so, it fundamentally misapprehends its burden and, as far as the Court can discern, declines to carry it. *See Hoffman v. Metro. Ins. & Annuity Co.*, No. 12-2303, 2012 WL 3185953, at *2 (D.N.J. Aug. 2, 2012) ("The burden is on the defendant to show removal is appropriate, and not on the plaintiff to show that removal is inappropriate."); *see also John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited].").

The text of § 1446(b)(3) is unambiguous. It expressly requires a defendant's "receipt" of a "copy of an . . . order" from which it can be ascertained that the case "is or has become removable." 28 U.S.C. § 1446(b)(3). This is not a mere technicality—it is a statutory requirement for removal that federal courts strictly enforce. Like other circuits, the Third Circuit has adopted a "bright-line

rule" under which the thirty-day removal clock begins to run only when the defendant receives one of the documents identified in the statute. *McLaren*, 32 F.4th at 236. Moreover, that document must be capable of objectively informing its reader, "to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *Id.* (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993)) (internal quotation marks omitted) (alteration in original). A defendant's "subjective knowledge" of a case development—or even awareness that a triggering document is imminent—does not suffice. *Id.* at 239. Rather, removability can be based "only on what a defendant can ascertain from the four corners of the . . . paper the defendant receive[d]" prior to removal. *Id.* Holding defendants accountable to this rule serves numerous crucial functions: it ensures compliance with the plain requirements of the removal statute, promotes judicial efficiency, discourages premature removals, and curtails gamesmanship. *Id.*

Here, Redstone jumped the gun. A reading of the statute confirms that § 1446(b)(3) did indeed require it to first "actually receive" a copy of an order implementing the very decision that purportedly conferred subject matter jurisdiction on this Court. That Redstone did not even wait until the close of business for an order to be issued—especially in a case resting on already tenuous jurisdictional footing—raises serious questions as to why it believed removal was appropriate at all. *See, e.g., Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33 (3d Cir. 1985) (noting that removal under § 1441(b)(3) would be appropriate where in-state defendants are "no longer part of the action and therefore can no longer destroy the required diversity"). Redstone's removal of this case was, at a minimum, procedurally improper, and Plaintiff's Motion for Remand must accordingly be granted.

### B. <u>Subject Matter Jurisdiction</u>

Redstone has offered considerable argument in an attempt to persuade the Court to assert is jurisdiction and retain this case. Specifically, it invokes the fraudulent joinder doctrine and now urges the Court to disregard Watts entirely.[3] And although not entirely clear on the face of its argument, Redstone appears to contend that this doctrine should apply not only to the Amended Complaint filed after removal, but retroactively to the entire case from its inception. But fraudulent joinder is not a tool that defendants can indefinitely reserve and strategically raise at will to prevent remand. *See Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 384 (D.N.J. 2024) (reiterating that the fraudulent joinder doctrine is "waived if not timely asserted"). If Redstone truly believed that Watts was fraudulently joined, it should have removed this case over a year ago, when Plaintiff first filed her Complaint.

Regardless, Redstone's rather unorthodox maneuvering of this case has unwittingly guaranteed the failure of its argument. The Third Circuit has instructed district courts to find joinder proper and remand cases to state court "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022). Here, no speculation is needed—the state court itself has already spoken. The very fact that Judge Hertzberg not only considered Plaintiff's claims against Watts, but also granted leave to amend them, precludes any finding by

---

[3] "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215–16. In effect, it permits courts to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 216 (internal quotation marks omitted). It may also be invoked in opposition to a plaintiff's efforts to join a non-diverse defendant to a suit once in federal court. *See McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 232 (D.N.J. 2020). In either case, the party invoking the doctrine bears a "heavy burden of persuasion," which places a "very high bar" for a successful showing of fraud: "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022).

this Court that these claims are, or ever have been, "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218; *see also Notte v. Merchants Mut. Ins. Co.*, 888 A.2d 464, 466 (N.J. 2006) (stating that leave to amend should be granted unless "the amended pleading itself is without legal merit, that is, if the amendment as proposed would be futile"). In fact, it more readily appears that Redstone, having previously failed to secure the dismissal with prejudice it sought from Judge Hertzberg, is now attempting a second bite at the apple in federal court—only this time "in the guise" of arguing that "joinder [is] fraudulent." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990).

All of this is to say that even if Redstone's removal had been procedurally acceptable—which it was not—the Court would still remand this matter for lack of subject matter jurisdiction. Contrary to the representations contained in Redstone's Notice of Removal, Watts continues to be an active part of this litigation. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4]

## V.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion and accordingly remands this matter to the Superior Court of New Jersey, Law Division, Burlington County. An

---

[4] The Court acknowledges that Plaintiff has also requested an award of attorneys' fees and costs incurred due to Defendant's improper removal of this case. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Here, the Court strains to discern any reasonable basis Redstone could have possibly had for the removal of this action. Nevertheless, in the exercise of its discretion, the Court elects to prioritize judicial efficiency and declines to probe its rationale any further. Plaintiff has yet to submit a formal fee application to substantiate its request, and the delay this premature removal has caused weighs more heavily in favor of an immediate remand. That said, the Court's decision today should not be interpreted as an endorsement of this removal. Nor does it preclude Plaintiff from seeking sanctions upon remand, especially given that removal appears to have been calculated to disrupt the state court proceedings—namely by circumventing the anticipated entry of Judge Hertzberg's order, which would have permitted Plaintiff to reassert the very claims Redstone hoped to avoid.

order consistent with this Opinion shall be issued.

Dated: January 31, 2025.

                                                KAREN M. WILLIAMS
                                                U.S. DISTRICT COURT JUDGE